IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal No. 2:01cr1-25

DAVID WILSON a/k/a "GRAVY,"

Defendant.

## ORDER/OPINION

On the 20th day of April, 2006, came the defendant, David Wilson, in person and by his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Zelda Wesley, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on March 13, 2006, alleging Defendant violated conditions of his supervised release as follows:

1. Violation of Mandatory Condition that he not commit another federal, state or local crime;

2. Violation of Mandatory Condition that he not illegally possess a controlled substance;

3. Violation of Mandatory Condition that he refrain from any unlawful use of a controlled substance; that he submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

4. Violation of Standard Condition that he refrain from excessive use of alcohol and not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician; and

5. Violation of Standard Condition that he not associate with any person engaged in criminal activity, and not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

   Nature of Noncompliance: It is noted that the undersigned officer met with the defendant at his home during the evening hours of March 2, 2006. During the meeting, the undersigned officer attempted to obtain a UA specimen from the defendant, but was unsuccessful. Therefore, the defendant was informed that the undersigned officer would return later in the evening for the purpose of substance

abuse testing. During this meeting the defendant advised that he had not used any illicit drugs. Subsequently, the undersigned officer returned to the home and met with the defendant who advised that his wife was in the shower, therefore, he could not provide a UA specimen. In response to further inquiry by the undersigned officer, the defendant admitted to having used methamphetamine approximately two days prior to this home visit.

On March 9, 2006, pursuant to a request by the undersigned officer, the defendant appeared in the probation office. The purpose of this meeting with the defendant was to further address the aforementioned violation of supervised release. As part of this process, the defendant was subjected to a drug test. The result of this test, using in-house testing equipment, was positive for the use of methamphetamine. After being confronted with the positive test result, the defendant admitted to having used methamphetamine on March 5, 2006. The defendant further stated that he was of the opinion that he was going to jail after his first admission to the use of methamphetamine, therefore, he did not care and he continued his use of this drug.

Prior to the taking of evidence, Defendant waived the preliminary hearing in writing and conceded probable cause existed to forward this revocation matter to United States District Judge Robert E. Maxwell for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed March 13, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia on the violation alleged in the Petition for Warrant or Summons for Offender Under Supervision filed March 13, 2006.

It is further **ORDERED** that Defendant be remanded to the custody of the United States

Marshal pending further proceedings in this matter.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: April 21, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE